IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES RICHARDSON REECE        )
                              )
        v.                    )        NO. 3:09-1049
                              )
SUMNER COUNTY, TENNESSEE, et al.    )


TO:  Honorable Robert L. Echols, District Judge


**R E P O R T   A N D   R E C O M M E N D A T I O N**

By order entered November 24, 2009 (Docket Entry No. 13), this action was referred to the

Magistrate Judge, pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and

28 U.S.C. §§ 636(b)(1)(A) and (B), for scheduling pre-trial discovery, monitoring the progress of

the parties, consideration of all pretrial matters, and submission of proposed findings of fact and

recommendations for disposition of any dispositive motions.


**I. BACKGROUND**

Plaintiff is a Tennessee resident.  He was arrested in Sumner County, Tennessee, on

September 19, 2009, on the charge of aggravated assault and was released on bond on September 21,

2009.  The arrest citation set a court date of November 4, 2009.  See Attachments to First Amended

Notice (Docket Entry No. 4-3), at 4.  On September 24, 2009, Plaintiff filed a pro se motion and

affidavit of indigency in the Sumner County General Sessions Court seeking the appointment of

counsel in his criminal case.  See Attachments (Docket Entry No. 4-2).  The motion was scheduled

to be heard on September 28, 2009, but on that date Sumner County General Sessions Judge James

Hunter scheduled the hearing on Plaintiff's motion to the November 4, 2009, court date already

scheduled. See Attachments (Docket Entry No. 4-3), at 1-3. Plaintiff then filed an application for

a writ of mandamus in the Sumner County Circuit Court on September 29, 2009, seeking to mandate

an "immediate hearing and disposal" of his motion for appointment of counsel. See Attachments

(Docket Entry No. 4-1). On October 1, 2009, Sumner County Criminal Court Judge Dee David Gay

entered an order denying the application, finding that an indigency hearing would be held on the

November 4, 2009, court date and that Plaintiff had been informed of this fact at the time the Court

reset his motion. See Attachments (Docket Entry No. 4-3), at 2-3.

Asserting that his constitutional rights were violated by the actions of the judicial officers

in Sumner County in refusing to rule on his motion for appointment of counsel and transferring his

request for mandamus relief to the Sumner County Criminal Court and believing that he will be

unable to receive fair or competent treatment if his criminal trial remained before Sumner County

judicial officers, Plaintiff, on November 2, 2009, filed with this Court a pro se "Notice of Removal

of Criminal Prosecution; Declaratory Relief & Recusal of Judiciary and Remand of Cause to State."

See Docket Entry No. 1-1. Plaintiff asserts that the request for removal is brought under 28 U.S.C.

§ 1443, id. at 3, and requests an evidentiary hearing, a ruling that Sumner County be "disqualified"

from hearing his criminal action, and that his criminal case be returned to the State of Tennessee "for

assignment of new venue, indigency hearing, and disposition of cause." Id. at 11.[1] Named as

---

[1] On November 3, 2009, Plaintiff filed a "1st Amended" notice (Docket Entry No. 4), which is
identical in all respects to the original notice but is accompanied by a signed and notarized affidavit
from Plaintiff declaring the facts, allegations, and exhibits in the notice are true and correct. See
Docket Entry No. 5.

defendants to Plaintiff's action are Sumner County, Tennessee ("Sumner County"), Judge James Hunter ("Hunter"), Judge C.L. "Buck" Rodgers ("Rodgers"), and Judge Dee David Gay ("Gay").

On November 17, 2009, Defendants Sumner County and Hunter filed a response to the notice of removal and a motion to remand the matter back to state court. See Docket Entry No. 9. Defendants contend that Plaintiff has not asserted any valid basis for removal of his criminal action to federal court and that this Court lacks subject matter jurisdiction over the action.

On November 20, 2009, Defendants Rogers and Gay moved to dismiss the action. See Docket Entry No. 12. Defendants assert that Defendant Hunter has recused himself from Plaintiff's criminal case and the Tennessee Supreme Court has assigned Wilson County General Sessions Judge John Gwin to hear the matter. Accordingly, Defendants contend that Plaintiff's action is moot since the relief he requests has already been rendered. Alternatively, Defendants argue that the doctrine of abstention set out in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 77 L.Ed.2d 669 (1971), requires that this Court refrain from interfering with Plaintiff's pending state judicial proceeding.

In response to Defendants' motions, Plaintiff has filed: 1) a response (Docket Entry No. 15), in which he disputes the legal arguments made by Defendants; 2) a motion under Rule 11(c)(3) (Docket Entry No. 16) contending that counsel for Defendants Rogers and Gay made misrepresentations of fact in the Memorandum of Law submitted in support of Defendants' Rogers and Gay's motion; and 3) a motion (Docket Entry No. 17) "for leave to filed amended statute and amended request for relief," in which he seeks to amend his asserted grounds for removal to include 28 U.S.C. § 1446, to abandon his request for "recusal of judiciary," and to include a request for

3

injunctive relief "against the Sumner County judiciary, its venue, and the 18th Judicial District of Sumner County for the State of Tennessee."

Defendants have filed responses in opposition to Plaintiff's motion for leave to file amended statute and request for relief. Docket Entry Nos. 21 and 22. Counsel for Defendants Rogers and Gay have also filed a response in opposition to Plaintiff's motion under Rule 11. See Docket Entry No. 21.

## II. CONCLUSIONS

The Court finds that removal of this action was patently improper, and the action should be summarily remanded back to the state court. In essence, Plaintiff seeks to involve this Court in pending and ongoing state criminal proceedings by having this Court issue orders, make declarations, or issue injunctive relief that would directly impact the underlying state criminal proceedings. Although Plaintiff sets forth arguments as to why he objects to the state criminal proceedings which have occurred, he has not shown that any statutory basis either compels or permits removal of the state criminal proceeding to the federal court under 28 U.S.C. §§ 1443 and 1446. Merely arguing that his constitutional rights have been violated is not a basis for removal of a state criminal proceeding to federal court.

Furthermore, Plaintiff has failed to show that extraordinary circumstances exist which require the Court to depart from the general rule of abstention from federal interference with state criminal judicial proceedings. See Younger v. Harris, 401 U.S. 37, 44-45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). He has certainly not shown that injunctive relief is necessary to prevent immediate and great irreparable injury. 401 U.S. at 46. Plaintiff's argument that there is not an adequate

4

opportunity in the state judicial proceedings to raise his constitutional challenges and that bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance exists is simply self-serving and meritless.

Accordingly, pursuant to 28 U.S.C. § 1446(c)(4), the Court RECOMMENDS that the motion for remand filed by the Defendants Sumner County and Hunter (Docket Entry No. 9) should be GRANTED and this action be summarily remanded back to the General Sessions Court for Sumner County, Tennessee. Because abstention is appropriate, this Court should not exercise any jurisdiction in this case. Gibson v. Berryhill, 411 U.S. 564, 577, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973). Accordingly, Plaintiff's pending motion for leave to amend (Docket Entry No. 17) and pending motion under Rule 11 of the Federal Rules of Civil Procedure against counsel for Defendants Rogers and Gay (Docket Entry No. 16) and the motion to dismiss filed by Defendants Rogers and Gay ( Docket Entry No. 12) should be DENIED as moot.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

5