UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES RICHARDSON REECE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-1049 |
| ) | Judge Echols |
| SUMNER COUNTY, TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After Plaintiff was arrested in Sumner County, Tennessee and charged with aggravated assault, he filed a "Notice of Removal of Criminal Prosecution; Declaratory Relief & Recusal of Judiciary and Remand of Cause to State" (Docket Entry No. 1). He alleges, among other things, that his constitutional rights were violated by the actions of judicial officers in Sumner County who failed to hold a preliminary hearing within thirty days of his arrest, who refused to rule timely on his motion for appointment of counsel, and who wrongfully denied his request for mandamus relief. He further claims that he will not receive fair treatment if his criminal case is allowed to proceed in Sumner County.

After the action was removed based on Plaintiff's Notice of Removal, Defendants Sumner County and Judge James Hunter ("Judge Hunter") filed a Motion to Remand (Docket Entry No. 9). This was followed by Defendants Judge C.L. "Buck" Roger's (Judge Roger's") and Judge Dee David Gay's ("Judge Gay's") Motion to Dismiss (Docket Entry No. 12).

The Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket Entry No. 24) recommending that the Court abstain from hearing this matter and remand the litigation to

1

state court. The Magistrate Judge further recommends that in light of such abstention, the Court should deny as moot all other pending motions. In reaching her conclusion, the Magistrate Judge wrote:

> The Court finds that removal of this action was patently improper, and the action should be summarily remanded back to the state court. In essence, Plaintiff seeks to involve this Court in pending and ongoing state criminal proceedings by having this Court issue orders, make declarations, or issue injunctive relief that would directly impact the underlying state criminal proceedings. Although Plaintiff sets forth arguments as to why he objects to the state criminal proceedings which have occurred, he has not shown that any statutory basis either compels or permits removal of the state criminal proceeding to the federal court under 28 U.S.C. §§ 1443 and 1446. Merely arguing that his constitutional rights have been violated is not a basis for removal of a state criminal proceeding to federal court.
> Furthermore, Plaintiff has failed to show that extraordinary circumstances exist which require the Court to depart from the general rule of abstention from federal interference with state criminal judicial proceedings. See Younger v. Harris, 401 U.S. 37, 44-45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). He has certainly not shown that injunctive relief is necessary to prevent immediate and great irreparable injury. 401 U.S. at 46. Plaintiff's argument that there is not an adequate opportunity in the state judicial proceedings to raise his constitutional challenges and that bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance exists is simply self-serving and meritless.

(Docket Entry No. 24 at 4-5). Plaintiff has filed Objections to the R & R (Docket Entry No. 32), to which Defendants Judge Rogers and Judge Gay have responded in opposition. (Docket Entry No. 34).

Where a party files timely objections to a R & R which addresses a dispositive motion, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

2

In this case, Plaintiff's 9-page objection sets forth several claimed errors of the Magistrate Judge. He argues the Magistrate Judge erred in failing to rule on his request for declaratory relief to the effect that the state court erred in failing to hold a preliminary examination within thirty days of his arrest as required under state law, and in scheduling a hearing on his request for the appointment of counsel to be heard on the same day as the preliminary hearing date. Plaintiff also claims the Magistrate Judge failed to rule on his request for declaratory relief to the effect that a state circuit court cannot refuse to rule on an application for writ of mandamus filed in an effort to "compel the ministerial ruling of the general sessions court." Plaintiff also asserts that the Magistrate Judge erred in failing to consider his argument that Judge Gay "deliberately and fraudulently" denied his Writ of Mandamus. Finally, Plaintiff asserts the Magistrate Judge erred in stating that "Plaintiff has failed to show that extraordinary circumstances exist which require the Court to depart from the general rule of abstention from federal interference with state criminal proceedings" because, if Plaintiff remains a criminal defendant in the Sumner County Court, his rights under the Fifth, Sixth and Fourteenth Amendments will be violated.[1]

In Younger, the Supreme Court held that a federal court should abstain from enjoining or interfering with an ongoing criminal prosecution. "Federal courts properly invoke Younger abstention when a proceeding satisfies three criteria: '(1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3)

---

[1] Plaintiff also claims that the Magistrate Judge created "findings which lack all evidence or dispositive proof" because in the R & R the Magistrate Judge wrote that Plaintiff's request for mandamus relief was "transferred" to the Sumner County criminal court. This objection is of no moment because it was not, as Plaintiff claims, a finding of fact. Moreover, it is a sensible characterization of Plaintiff's own pleading in which he asserts that his application for writ [was] 'acquired' by the Criminal Court of Sumner County." (Docket Entry No. 1 at 7).

3

there is an adequate opportunity to raise constitutional challenges in the course of the underlying proceeding.'" Danner v. Board of Professional Responsibility, 327 Fed. Appx. 577, 578 (6th Cir. 2009). Here, each of those factors are clearly met because there is an underlying criminal prosecution which, by its very nature, serves an important state interest, and there is no showing that "state law clearly bars the interposition of the constitutional claims." Squire v. Coughlan, 469 F.3d 551, 556 (6th Cir. 2006).

Because Younger abstention is warranted, it was not within the purview of the Magistrate Judge to enter "declaratory relief that would interfere with pending state judicial proceedings." O'Neill v. Coughlan, 511 F.3d 638, 643 (6th Cir. 2008). To the extent that Plaintiff conclusorily asserts that his Fifth, Sixth and Fourteenth Amendment rights are being violated by the Sumner criminal courts, those are claims which, in the first instance, must be presented to the state court on direct and, if necessary, collateral review. See, Tindwall v. Wayne County Friend of Court, 269 F.3d 533, 539-40 (6th Cir. 2001)(citation omitted)("'Where there exists the possibility of raising and correcting constitutional claims in state courts, the principles of federalism and comity expressed in Younger require that a criminal defendant must first exhaust his state appellate remedies before seeking relief in the district court"); Gottfried v. Medical Planning Serv., Inc., 142 F.3d 326, 329 (6th Cir. 1998)("The abstention doctrine established by Younger . . . requires the target of an ongoing state prosecution to raise any and all constitutional claims as defenses to that action and prevents the state court defendant from filing a collateral federal action raising the same claims.").

Accordingly, the Court hereby rules as follows:

(1) The R & R (Docket Entry No. 24) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's Objections to the R & R (Docket Entry No. 32) are hereby OVERRULED;

4

(3) The Motion to Remand (Docket Entry No. 9) filed by Defendants Sumner County and Judge Hunter is hereby GRANTED;

(4) The Motion to Dismiss (Docket Entry No. 12) filed by Defendants Judge Rogers and Judge Gay is hereby DENIED AS MOOT;

(5) Plaintiff's "Motion Requesting Notice of Court Under Rule 11(c)(3)" (Docket Entry No. 16) and "Motion for Leave to File Amended Statute and Amended Request for Relief" (Docket Entry No. 17) are hereby DENIED AS MOOT; and

(6) This case is hereby REMANDED to the General Sessions Court for Sumner County, Tennessee and the Clerk is DIRECTED to send a copy of this Order to that Court.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE